UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS |
| Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion to Remand [10]**

Before the Court is Plaintiff Dennis Boyle's ("Boyle") motion to remand. (Mot., Dkt. No. 10.) Defendant YSI US, Inc. ("YSI") opposed (Opp'n, Dkt. No. 16), and Boyle replied (Reply, Dkt. No. 20).

For the following reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the March 24, 2025, hearing.

## I. Background

The parties are familiar with the nature of the case. Boyle filed an almost identical complaint against YSI's parent company, Yellow Social Interactive, Ltd. in a related case, case no. 8:25-cv-00063-JVS-ADS. Both parties filed nearly the same briefs as to this motion to remand. Therefore, the Court recites its order from the other action here.

Boyle filed a Complaint in Orange County Superior Court, seeking public injunctive relief to discontinue YSI's allegedly illegal online gambling website, Pulze.com. (Compl. Dkt. No. 1, Ex. A ¶ 1.) Boyle alleges YSI violated (1) California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. ("UCL"); and (2) California's Consumer Legal Remedies Act, Civ. Code §§ 1750, et seq. ("CLRA"). (Id. ¶¶ 40–72.) YSI, a Delaware corporation, received the Complaint on December 18, 2024, and filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on February 5, 2025. (Notice of Removal, Dkt. No. 1.)

## II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00220-JVS-ADS                                Date  March 20, 2025

Title  Dennis Boyle v. YSI US, Inc.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties could have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden of demonstrating that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Boyle asserts two grounds for remand: (1) lack of Article III standing in federal court; and (2) YSI's failure to establish the amount in controversy. (See generally Mot.) The Court addresses both issues in turn.

*A.   Standing*

To establish standing, (1) a plaintiff must have suffered an "invasion of a legally protected interest," a "concrete and particularized" injury in fact, which must be "actual or imminent," rather than speculative, (2) there must be a "causal connection between the injury and the conduct complained of," and (3) the injury must likely be "redress[able] by a favorable decision by the court." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). It is the burden of the party seeking federal jurisdiction who bears the burden of establishing standing. Id. at 561.

Boyle contends that his lack of Article III standing for seeking injunctive relief necessitates a remand. (Mot., at 3–5.) Boyle argues that by seeking public injunctive relief, "a creature of California law that has the primary purpose . . . of prohibiting unlawful acts that threaten future injury to the general public," he cannot meet the "concrete and particularized, and actual or imminent" injury in fact requirement of standing. (Id. at 3) (quoting Rogers v. Lyft, Inc., 452 F. Supp. 3d 904, 919 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |

| Title | Dennis Boyle v. YSI US, Inc. |

2020) (internal quotations omitted). The nature of a public injunction is a "generalized public grievance," which does not confer standing on a plaintiff. (Id. at 4.)

On the other hand, YSI argues that the allegations in the Complaint establish an injury in fact— an economic loss. (Opp'n, at 5.) The Court agrees. An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way" and "concrete" if there is a real and not an abstract harm. Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). A plaintiff's economic loss is a classic form of injury in fact. See, e.g., Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 184 (2000). Here, Boyle alleges more than a generalized grievance on behalf of the public. He alleges that "he lost money on [YSI's] illegal gambling website" as a result of unfair competition and business practices. (Compl. ¶ 59.) Boyle further admits that he suffered an "injury in fact." (Id.) Thus it is evident from the face of the complaint that Boyle meets the element of injury in fact to establish standing in federal court. Moreover, under Bus. & Prof. Code, § 17204, an individual may only bring a UCL claim if one "has lost money or property." The California standing requirement for a UCL claim is narrower than the federal injury in fact requirement. Thus, if Boyle is able to bring a UCL claim in California state court as he alleges, he also establishes Article III standing.

Standing does not turn on the type of remedy sought. Rather, when one has standing, injunctive relief is an available remedy. To seek injunctive relief, a prospective remedy, a plaintiff must independently show an "actual and imminent injury." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). In other words, to warrant an injunction, there must be "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way." Id. at 111. Both parties correctly argue that past wrongs are insufficient by themselves to grant standing. (Opp'n, at 5; Reply, at 1.) However, past wrongs may be "evidence bearing on whether there is a real and immediate threat of repeated injury." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (internal quotation marks omitted). The Ninth Circuit held that injunctive relief is available to a consumer who "knows or suspects that the advertising was false at the time of the original purchase" because "knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969 (9th Cir. 2018). For example in Davidson, the court held that a plaintiff who has previously been deceived has standing to seek injunctive relief because she faces imminent threat of future harm by "continu[ing] to desire to purchase" the defendant's products. Id. at 970.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. | | |

Boyle again meets the test for injunctive relief. In his Complaint, Boyle alleges that he "struggles with gambling addiction, and he lost money on Defendant's illegal gambling website within the last three years." (Compl. ¶ 59.) As YSI contends, Boyle has not shown that alleged that he stopped playing YSI's games, has recovered from his addiction, or is getting treatment for his addiction. (Opp'n, at 6.) His addiction indicates that there is a continued desire to play YSI's games. See Davidson, 889 F.3d at 970. Coupled with his multiple accounts on Pulsz.com, there is a "sufficient likelihood" that Boyle will continue to play YSI's games and lose more money. See Lyons, 461 U.S. at 111. Although the Court notes that California law does not hold a plaintiff requesting a public injunction to the same level of standing as that in federal court, nothing bars this Court from hearing a case where a plaintiff alleges an actual and imminent threat of future harm. See McGill v. Citibank, N.A., 2 Cal. 5th 945, 959 (2017) ("[Proposition 64] provisions do not preclude a private individual who has 'suffered injury in fact and has lost money or property as a result of' a violation of the UCL. . . —and who therefore has standing to file a private action—from requesting public injunctive relief in connection with that action."); Cf. Rogers, 452 F. Supp. 3d at 19 (denying jurisdiction over a public injunctive relief claim given the usual posture of the case because the plaintiffs agreed to arbitrate the availability of remedies specific to their injuries and waived the right to pursue any type of class remedy). Accordingly, the Court declines to remand on the basis of Boyle's lack of Article III standing.

  B.  Amount in Controversy

    1.  Attorneys' Fees

YSI argues that Boyle's attorneys' fees alone would satisfy the amount in controversy. (Opp'n, at 18.) Indeed, the Ninth Circuit held that the total attorneys' fees awarded if the action succeeds can be included when computing the amount in controversy.[1] Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794

---

[1] Relying on Aguilar v. Amazon.com, Inc., 677 F. Supp. 3d 1075 (N.D. Cal. 2023), Boyle argues that the amount in controversy including attorneys' fees must be determined at the time of removal, rather than include the prospective fees. (Reply, at 10–11.) The Court sympathizes with the sentiment that "there is good reason to distinguish between future damages and future attorneys' fees." Aguilar, 677 F. Supp. 3d, at 1078. The Court also agrees that prospective attorneys' fees should not be considered where it is "not part of the plaintiff's claim" and thus "not part of the controversy." Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-00220-JVS-ADS                             Date    March 20, 2025

Title    Dennis Boyle v. YSI US, Inc.

(9th Cir. 2018).  The Ninth Circuit requires the defendant to prove the amount in controversy including attorneys fees "by a preponderance of evidence."  Id. at 795; see also Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 377 (9th Cir. 1997)).  However, the standard is not so taxing as to require the defendant to "research, state, and prove the plaintiff's claims for damages."  Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010).  The defendant must simply demonstrate that it is "more likely than not" that the amount in controversy exceeds the statutory minimum.  Id.  While district courts may reject the estimated amount when it is "too speculative," they may use their expertise to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for attorneys' fees.  Fritsch, 899 F.3d at 795.

     First, Boyle contends that YSI waived its argument concerning attorneys' fees when it did not include the estimation in its removal notice.  (Reply, at 8–9.)  However, Boyle does not cite to any legal authority to support this argument.  Defendants need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and need not contain evidentiary submissions" in its notice of removal.  Fritsch, 899 F.3d at 788.

     Boyle's second argument is more persuasive.  Here, the Court finds that the estimated fees are currently too speculative to establish that the stakes exceed the jurisdictional minimum.  YSI alleges that to date, the attorneys' fees exceed $100,000.  (Opp'n, at 18; Declaration of Paul Foster, Dkt. No. 16-1.)  It further argues that the future attorneys' fees will satisfy the amount because this is a "complicated case" and "parties have already met and conferred on numerous planned motions."  (Opp'n, at 18.)  However, these broad and conclusory statements are insufficient to show by a preponderance of the evidence that the jurisdictional minimum will be met.  YSI does not provide any guidance as to its hourly rate or how much it has already spent on this case.  As Boyle notes, YSI has not even submitted an answer to the complaint and no motions have been previously filed for this action.  (Reply, at 10.)  The Court also considers the "cost-savings in this case. . . given that it is being litigated in tandem with

---

1078.  However, Aguilar is not a binding authority and the Court follows the Ninth Circuit's rule for calculating the amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. | | |

the related case" and the chance that the case may be disposed of on the pleadings as significant factors in determining the attorneys' fees. (Id.) Accordingly, the Court finds it is too speculative at this juncture to find that YSI satisfies the jurisdictional minimum solely on its attorneys' fees. However, more successful is YSI's either viewpoint argument.

      2.     Either Viewpoint Rule

To determine the amount in controversy, the Ninth Circuit has applied the "either viewpoint" rule, which examines "the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001). In an injunction action "where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." Id. If the either viewpoint rule applies, the jurisdictional amount would be satisfied. Here, YSI's removal notice alleges that its profits related to its services in California in 2023 exceeded $250,000. (Notice of Removal, Dkt. No. 1 ¶ 20; Declaration of Paul Foster, Dkt. No. 1-2.) Its profits also exceeded $250,000 in 2024 and YSI expects that its future profits will also "considerably exceed" that amount. (Id.) Thus, the aggregate monetary effect of shutting down the entire operation as Boyle requests would easily result in more than $75,000.

However, an exception to the either viewpoint rule is class actions. Class action plaintiffs cannot aggregate "separate and distinct" claims to meet the jurisdictional amount in diversity cases. Snyder v. Harris, 394 U.S. 332, 336 (1969). While the defendant-viewpoint approach would measure the total or aggregate monetary impact on the defendant, class actions apply the anti-aggregation rule because each named plaintiff in a diversity class action case must have a claim with the amount in controversy in excess of $75,000. Snow v. Ford Motor Co., 561 F.2d 787, 790 (9th Cir. 1977). The anti-aggregation rule applies with "equal force to the equitable as well as the monetary relief." Id. at 790. Thus, it is the "nature and value of the right asserted" rather than the type of relief requested that is crucial in assessing the amount in controversy. Id.

While Boyle does not bring a class action, he contends that public injunctive relief actions under the UCL "are treated the same way as class actions when calculating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. | | |

value of injunctive relief." (Mot., at 7.) Boyle cites to a handful of district court cases where the court denied applying the either viewpoint rule where a plaintiff seeks public injunctive relief under the UCL and CLRA. (Id. at 7–8.) For example, in Enriquez v. Sirius XM Radio, Inc., the court found that UCL and CLRA claims seeking relief are "sufficiently akin to class actions" in that they both seek relief behalf of numerous individuals. 2022 WL 4664144, at *5 (E.D. Cal. Sept. 30, 2022). Accordingly, Boyle argues that the Court should apply the anti-aggregation rule and cannot consider the defendant's viewpoint approach — the cost of complying with the injunction in calculating the amount in controversy. (Mot., at 7.)

On the contrary, YSI argues that Boyle's public injunctive action under the UCL or the CLRA is not a representative action and thus, cannot be deemed as a class action. (Opp'n, at 14.) YSI claims that UCL public injunctions may benefit the public at large but are essentially brought "on his or her own behalf, not on behalf of the general public." (Id.) (citing McGill, 2 Cal. 5th at 959). Relying heavily on Proposition 64 ("Prop 64"), which limits who can bring UCL claims, YSI states that the provision now requires a private individual to meet the standing requirements of Bus. & Prof. Code § 17204 *and* file a class action to pursue a representative action. (Id.) Furthermore, it argues that the handful of cases Boyle cites are inapposite because they incorrectly rely on pre-Prop 64 cases. (Id. at 15–16.) Thus, YSI argues that "unless brought as a class action," seeking a public injunctive relief action does not necessarily make Boyle's UCL or the CLRA claims representative under California law. Ultimately, as the "Ninth Circuit has never applied the non-aggregation rule outside of the context of a representative action," it urges this Court should do the same. (Id. at 13.)

In essence, the Court must determine whether a case where a private plaintiff seeks injunctive relief under the UCL or the CLRA should be considered a representative action. To resolve this issue, the Court turns to the history of Prop 64 and its effect. Prior to its enactment, any person could bring claims on behalf of the general public. However, Prop 64 attempted to (1) restrict suits to only persons injured by unfair competition and (2) require that "lawsuits initiated by any person, other than the Attorney General and local public prosecutors, on behalf of others, meet the additional requirements of class action lawsuits." Official Voter Information Guide, Official Title and Summary of Prop. 64, 38 (Nov. 2, 2004), https://vig.cdn.sos.ca.gov/2004/general/english.pdf. Subsequently, Bus. & Prof. Code § 17203 on injunctive relief was amended to add the following sentence:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. | | |

"Any person may pursue representative claims or relief on behalf of others *only if* the claimant meets the standing requirements of Section 17204 *and* complies with Section 382 of the Code of Civil Procedure. . ."[2]

Cal. Bus. & Prof. Code § 17203 (West) (emphasis added). The amended statute clearly authorizes "only the California Attorney General and local public officials be authorized to file and prosecute actions *on behalf of the general public*" Prop 64 Proposed Law § (f) (emphasis added).

McGill does not contradict the rule that certain requirements must be met to bring representative actions under the UCL. The California Supreme Court found that it would be irreconcilable to read the statute to "authorize private individuals to proceed on behalf of the general public." 2 Cal. 5th at 960. The McGill Court clarified that "nothing [in Prop 64]. . . meant to preclude individuals who meet the standing requirements for bringing a private action from requesting [injunctive] relief." Id. at 959–960. It is in this context of private actions that McGill declined to impose the requirement that a UCL claim must be brought as a class action. Id. at 960. Relying on the dicta in McGill, Boyle contends that Prop 64 has no bearing on a case seeking public injunctive reliefs but only cases where a private plaintiff "seeks disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff." (Reply, at 8.) The Court disagrees with this interpretation. The Court in McGill only intended to emphasize that pre-Prop 64, representative actions seeking disgorgement and/or restitution could be brought without filing class actions, such as in Kraus v. Trinity Management Services, Inc., 23 Cal.4th 116, 121 (2000). In sum, a private plaintiff may bring a UCL claim seeking public injunctive relief, but only on his own behalf and not in his representative capacity. See, e.g., In re Tobacco II Cases, 46 Cal. 4th 298, 315 (2009); Hodges v. Comcast Cable Commc'ns, LLC, 21 F.4th 535, 543 (9th Cir. 2021); Miller v. Peter Thomas Roth, LLC, 2020 WL 363043, at *1–2 (N.D. Cal. Jan. 22, 2020). Giving Prop 64 its full intended effect, the Court agrees with YSI that seeking public injunctive relief does not make this case a representative action.

---

[2] Section 382 concerns the requirements for representative or class actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00220-JVS-ADS | Date | March 20, 2025 |
| Title | Dennis Boyle v. YSI US, Inc. | | |

    Returning to the issue of aggregation in determining the amount in controversy, the Court is unconvinced that the anti-aggregation rule/either viewpoint exception should apply where, as here, a plaintiff brings a private action. Moreover, the Court considers the reasoning in the leading case overruling the aggregation doctrine persuasive. In Snyder v. Harris, the Supreme Court declined to aggregate "separate and distinct" claims in a class action to meet the amount of controversy because aggregation "would undercut the purpose of the jurisdictional amount requirement" and the intent of Congress to limit the federal caseload. U.S. 332, 339 (1969). As YSI argues, the same concerns are not present here. (Opp'n, at 17.) There is only one plaintiff and no separate and distinct claims to aggregate. Accordingly, the Court assesses the amount in controversy using the either viewpoint rule rather than the anti-aggregation rule. Finally, the amount in controversy requirement is easily satisfied from the defendant's perspective— the potential cost to YSI for complying with the injunction. (See supra, at 6.)

### IV. CONCLUSION

    In conclusion, the Court finds that Boyle has standing and subject matter jurisdiction to bring its claim in federal court. For the foregoing reasons, the Court **DENIES** the motion to remand.

    **IT IS SO ORDERED.**